# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 10-14096-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

     **Plaintiff,**

**v.**

**RAVINDRANAUTH ROOPNARINE,**

     **Defendant.**

_____/



FILED by _____ D.C.

**MAY 2 8 2015**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## DETENTION ORDER

Pursuant to Title 18, United States Code, Section 3142(f), on May 28, 2015, a detention hearing was held to determine whether the Defendant, Ravindranauth Roopnarine, should be detained prior to trial. Having considered the factors enumerated in Title 18, United States Code, Section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. Therefore, it is hereby ordered that the Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of Title 18, United States Code, Section 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The Defendant is charged by Indictment with conspiracy to commit wire fraud and mail fraud, in violation of Title 18, United States Code, Section 1349; wire fraud, in violation of Title 18, United States Code, Section 1343 (2 counts); mail fraud, in violation of Title 18, United States Code, Section 1341 (3 counts); conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349; conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h); and money

laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i) (3 counts).

The government and the Defendant agreed that this Court could consider the allegations set forth in the Criminal Complaint and attached Affidavit previously filed in this case, copies of which have been provided to the Defendant and his counsel prior to the hearing, to serve as the government's proffer for purposes of this Detention Hearing only. Therefore, this Court will not restate the matters set forth in the Criminal Complaint. Those facts will be accepted as the government's proffer and made part of this Court's ruling. Counsel for the government also proffered that there is an immigration detainer lodged against this Defendant. There was an agent present at the Detention Hearing for cross-examination. Counsel declined to examine the agent.

Counsel for the Defendant announced that the Defendant was stipulating to pretrial detention in this case with the right to file a motion to revisit the issue of detention should circumstances change substantially from this date forward. This Court questioned the Defendant on the record and is satisfied that the Defendant understands his rights to a detention hearing and that by stipulating to pretrial detention he will be held without bond until this case concludes. This Court will grant the request of counsel for the Defendant that he may file a motion to revisit the issue of detention in the future should the circumstances change substantially from this date forward. This Court advised the Defendant of this on the record and he fully understands that the Court rarely, if ever, grants motions to revisit the issue of detention but that it will permit counsel for the Defendant to file such a motion should the circumstances change substantially from this date forward to justify doing so.

2

2.      The pertinent history and characteristics of the Defendant are taken from the Pretrial Services Report and the Defendant's responses at his initial appearance. The Defendant does not have an address since he stated he has recently been returned to the United States from Trinidad. He was born in the Republic of Guyana. He is unemployed and does not have any significant assets.

3.      There is probable cause to believe the Defendant committed the offenses set forth in the Indictment. The weight of the evidence against the Defendant is great based upon his stipulation to detention. Based upon all of the foregoing facts as set forth in the Complaint, Affidavit and as stated on the record, the Court will detain the Defendant without bond as a risk of flight. The Defendant has stipulated to pretrial detention. Nevertheless, this Court incorporates the Criminal Complaint, which has served as the government's proffer, to be the underlying factual basis for the Defendant's pretrial detention. That Complaint specifically sets forth the facts in this case which give rise to the present Indictment before the Court. Further, the Defendant has been out of the United States since the Indictment was returned in December of 2010. As Pretrial Services indicates in its report, the Defendant has just been brought back from Trinidad. Therefore, this Court finds him to be a risk of flight.

4.      The Court specifically finds that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required. Title 18, United States Code, Section 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a risk of flight. The Court hereby directs:

3

     a.     That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

     b.     That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

     c.     That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this _____ day of May, 2015, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:
AUSA Theodore M. Cooperstein
Gregory Morse, Esq.
Pretrial Services
U.S. Marshal

4